UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY BRAXTON, Individually and on Behalf of All Others Similarly Situated, | No. 1:18-cv-07242-JGK |
| Plaintiff, | |
| v. | |
| HELIOS AND MATHESON ANALYTICS INC., THEODORE FARNSWORTH and STUART BENSON, | |
| Defendants. | |
| JEFFREY CHANG, Individually and on Behalf of All Others Similarly Situated, | No. 1:18-cv-06965-JGK |
| Plaintiff, | |
| v. | |
| HELIOS AND MATHESON ANALYTICS INC., THEODORE FARNSWORTH and STUART BENSON, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PROPOSED LEAD PLAINTIFF
DAVID WEIDER'S MOTION TO CONSOLIDATE RELATED ACTIONS
AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ......................................................................................................ii

INTRODUCTION .................................................................................................................. 1

FACTUAL AND PROCEDURAL HISTORY .......................................................................... 2

ARGUMENT ........................................................................................................................ 4

I.      THE COURT SHOULD CONSOLIDATE THE ACTIONS ................................. 4

II.     THE COURT SHOULD APPOINT MR. WEIDER AS LEAD PLAINTIFF ....... 5

        A.      Mr. Weider Has Complied with the Procedural Requirements of the
                PSLRA ........................................................................................................ 5

        B.      Mr. Weider Satisfies the Lead Plaintiff Requirements of the PSLRA ....... 7

                1.      Mr. Weider Has the Largest Financial Interest in the Relief
                        Sought By the Class ...................................................................... 7

                2.      Mr. Weider Meets the Standard of Fed. R. Civ. P. 23 .................. 9

III.    MR. WEIDER'S SELECTION OF COUNSEL SHOULD BE APPROVED ..... 12

CONCLUSION.................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                                                  **Page(s)**

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,*
   252 F.R.D. 188 (S.D.N.Y. 2008) ........................................................................... 10

*Devlin v. Transp. Commc'ns Int'l Union,*
   175 F.3d 121 (2d Cir. 1999)................................................................................... 4

*Francisco v. Abengoa, S.A.,*
   No. 15 Civ. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016) .................... 4

*In re Braskem S.A. Sec. Litig.,*
   No. 15 Civ. 5132 (PAE), 2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015)............... 4, 8

*In re Drexel Burnham Lambert Grp., Inc.,*
   960 F.2d 285 (2d Cir.1992)................................................................................. 10

*In re eSpeed, Inc. Sec. Litig.,*
   232 F.R.D. 95 (S.D.N.Y.2005) ............................................................................. 9

*In re Gen. Elec. Sec. Litig.,*
   No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .................. 11

*In re Orion Sec. Litig.,*
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ................... 10

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC,*
   No. 14 Civ. 10020 (RMB), 2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015)............... 8

*Janbay v. Canadian Solar, Inc.,*
   272 F.R.D. 112 (S.D.N.Y. 2010) ....................................................................... 1, 4

*Johnson v. Celotex Corp.,*
   899 F.2d 1281 (2d Cir. 1990)................................................................................. 4

*Kaplan v. Gelfond,*
   240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................................... 11

*Khunt v. Alibaba Grp. Holding Ltd.,*
   102 F. Supp. 3d 523 (S.D.N.Y. 2015)..................................................................... 9

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.,*
   275 F.R.D. 187 (S.D.N.Y. 2011) ......................................................................... 11

*Reimer v. Ambac Fin. Grp., Inc.*,
   No. 08 Civ. 1273 (NRB), 2008 WL 2073931 (S.D.N.Y. May 9, 2008) .................................... 6

**Statutes**

15 U.S.C. §§78j(b) and 78t(a) ................................................................................................... 1

15 U.S.C. §78u-4 ................................................................................................................ *passim*

17 C.F.R. §240.10b-5 ......................................................................................................... 1, 4

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 42(a) .............................................................................................................. 4

Proposed Lead Plaintiff David Weider ("Mr. Weider"), respectfully submits this Memorandum of Law in support of his motion to consolidate the above-captioned related actions (the "Actions"), and for his appointment as Lead Plaintiff and approval of his selection of Gardy & Notis, LLP as Lead Counsel, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(B).

## INTRODUCTION

The Actions are securities class action cases against Helios and Matheson Analytics, Inc. ("Helios" or the "Company") and its Chief Financial Officer and Chief Executive Officer, on behalf of investors who purchased or otherwise acquired Helios securities. These Actions are brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Court should consolidate the Actions because they "assert virtually identical claims based on virtually identical factual allegations." *Janbay v. Canadian Solar, Inc.,* 272 F.R.D. 112, 118 (S.D.N.Y. 2010); *see also* 15 U.S.C. §78u-4(a)(3)(B)(ii). The Actions allege substantially similar misconduct by the same defendants and raise common issues of fact and law. Consolidation in accordance with Rule 42(a) will be more efficient for the Court and the parties.

The Court should then appoint Mr. Weider as lead plaintiff because he has demonstrated that he has the "largest financial interest in the litigation," and because he meets the typicality and adequacy prongs of Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B). As demonstrated herein, Mr. Weider has sustained losses of $208,371.98, which, to the best of his knowledge, are the largest losses

among purported class members seeking appointment as Lead Plaintiff.[1]  Mr. Weider understands the commitments required of a Lead Plaintiff and has retained competent and experienced counsel to prosecute this securities litigation.

Pursuant to the PSLRA, the Lead Plaintiff selects the Lead Counsel subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Mr. Weider has selected the law firm of Gardy & Notis, LLP to serve as Lead Counsel.  Gardy & Notis has extensive experience successfully litigating securities class actions and possesses the resources necessary to vigorously pursue this litigation on behalf of the putative class.

Accordingly, Mr. Weider respectfully asks the Court to approve his motion in its entirety.

## FACTUAL AND PROCEDURAL HISTORY

Helios is an information technology company.  ¶15.[2]  Helios on August 15, 2017 announced it was acquiring a majority stake in MoviePass, a movie subscription company.  ¶16. On September 15, 2017, Helios announced it had over 400,000 MoviePass subscribers and a sustainable business model.  ¶17.  On October 12, 2017, Helios announced it was increasing its ownership stake in Helios.  ¶18.  On October 24, 2017, Helios announced more than 600,000

---

[1]  The losses suffered by Mr. Weider are not the same as his legally compensable damages. Measuring the latter is often a complex exercise and is premature at this stage of litigation.  The approximate losses can, however, be determined from the certification required under Section 78u-4 (a)(2)(A) of the PSLRA and based upon reference to information concerning the current market for the Company's securities.  Mr. Weider's transactions in Helios securities are set forth in his Certification annexed as Exhibit B to the Declaration of Jennifer Sarnelli ("Sarnelli Decl.").

[2]  All citations to "¶" are to the complaint filed in the *Chang* action.

Movie Pass subscribers and by January 9, 2018, Helios claimed it had surpassed 1.5 million subscribers.  ¶¶19-20.  On March 14, 2018, Helios announced it had agreed to accept additional stock in Movie Pass as payment for advances it had made to MoviePass in lieu of cash.  ¶21.  These statements were false and misleading because Helios knew or should have known that MoviePass' business model was not sustainable because expected revenue would never have been sufficient to gain profitability.  On July 27, 2018, Helios announced it had issued a demand note for $6.2 million because it was not able to make payments to its merchants and fulfillment processors leading to a service interruption.  ¶23.  On this news the stock fell over 70% from $6.80 per share to $2.00 per share.  ¶24.[3]

The action styled as *Chang v. Helios and Matheson Analytics, Inc., et al.*, No. 18-cv-06965-JGK, was filed in this Court on August 2, 2018.  A press release announcing the putative class action suit was thereafter circulated alerting members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice pursuant to Section 78u-4(3)(A) of the PSLRA.  Sarnelli Decl., Ex. A.  On August 13, 2018, a related action was filed, styled *Braxton v. Helios and Matheson Analytics, Inc., et al.*, No. 18-cv-

---

[3]    Since the filing of the Actions, the stock has continued to plummet.  And on August 25, 2018, Helios director Carl Schramm resigned from the Board of Directors.  Mr. Schramm's resignation letter stated that management had "withheld material information from the Board for several months," and acted "without Board knowledge or approval."  *See* https://www.sec.gov/Archives/edgar/data/1040792/000121390018011906/f8k082518ex17-1_heliosandma.htm.  Helios shares currently trade at roughly $0.01 to $0.02 per share and the Company is facing delisting from Nasdaq.

07242-JGK.  The claims in both of these Actions all arise from the same facts and circumstances and allege violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 against the same defendants.

Mr. Weider is a member of the proposed class and files this motion within the sixty-day period following publication of the first notice to shareholders issued on August 2, 2018, in connection with the first filing in the *Chang* action.  *See* Sarnelli Decl., Ex. A.

<u>**ARGUMENT**</u>

**I.      <u>THE COURT SHOULD CONSOLIDATE THE ACTIONS</u>**

Where the Actions "assert virtually identical claims based on virtually identical factual allegations, they are well-suited for consolidation." *Janbay,* 272 F.R.D. at 118.  Consolidation is appropriate where, as here, there are actions pending in the same court that involve common questions of fact or law.  *See* Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) ("Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay.").  Moreover, "Courts in this district 'routinely consolidate securities class actions arising from the same allegedly actionable statements.'' *Francisco v. Abengoa, S.A.*, No. 15 Civ. 6279 (ER), 2016 WL 3004664, at *3 (S.D.N.Y. May 24, 2016) (quoting *In re Braskem S.A. Sec. Litig.*, No. 15 Civ. 5132 (PAE), 2015 WL 5244735, at *3 (S.D.N.Y. Sept. 8, 2015) (collecting cases)).  Additionally, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact*.  See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy.").

Here, the Actions assert identical claims based on the same legal and factual allegations and each have the same Class Period. Consolidation advances the interest of judicial economy and lead to the most efficient resolution of the Actions.

## II.   THE COURT SHOULD APPOINT MR. WEIDER AS LEAD PLAINTIFF

After consolidating the Actions,[4] the Court should appoint Mr. Weider as Lead Plaintiff because he is "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

### A.   Mr. Weider Has Complied with the Procedural Requirements of the PSLRA

Mr. Weider has complied with all the procedural requirements of the PSLRA. Under the PSLRA, the plaintiff who files the initial action must publish a notice to the class, within twenty days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Then, within 60 days after publication of the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Additionally, "Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by each such

---

[4]   The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

plaintiff" averring that he has reviewed the complaint, and setting forth various facts concerning his investment in the underlying security, and his role as a plaintiff.[5]  15 U.S.C. §78u-4(a)(2)(A).

Here, notice was published on Globe Newswire on August 2, 2018.[6]  Sarnelli Decl. at Ex. A.  Mr. Weider brings this Motion within 60 days of publication of the Globe Newswire notice. He has also submitted a signed certification compliant with PSLRA 15 U.S.C. §78u-4(a)(2)(A); *See*  Sarnelli Decl. at Ex. B.

---

[5]    *See* 15 U.S.C. §78u-4(a)(2)(A).  The Certification must "(i) state[] that the plaintiff has reviewed the complaint and authorized its filing; (ii) state[] that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter; (iii) state[] that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary; (iv) set[] forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint; (v) identif[y] any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and (vi) state[] that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4)."

[6]    The statute requires that notice be published "in a widely circulated business-oriented publication or wire service." *Reimer v. Ambac Fin. Grp., Inc.,* No. 08 Civ. 1273, 2008 WL 2073931, at *1 (S.D.N.Y. May 9, 2008).

### B.      Mr. Weider Satisfies the Lead Plaintiff Requirements of the PSLRA

The PSLRA directs the Court to "appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4 (a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice ...
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4 (a)(3)(B)(iii)(I).

Mr. Weider has complied with the procedural prerequisites of the PSLRA, has demonstrated what is, to the best of his knowledge, the largest financial interest in the litigation of any other class member seeking appointment as lead plaintiff, and fully meets the relevant requirements of Rule 23.

### 1.      Mr. Weider Has the Largest Financial Interest in the Relief Sought By the Class

The PSLRA creates a rebuttable presumption that "the most adequate plaintiff...is the person or group of persons that...has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).  While the PSLRA does not specify a methodology for determining which movant has the largest financial interest in the relief sought, Courts in this Circuit have adopted a four-part test to assess a movant's financial interest:

> (1)      the total number of shares purchased during the class period;

(2)     the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period);"

(3)     the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and

(4)     the approximate losses suffered.

*Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *4-5 (citing *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 Civ. 10020 (RMB), 2015 WL 1345931, at *2 (S.D.N.Y. Mar. 19, 2015). "Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant." *In re Braskem S.A. Sec. Litig.,* 2015 WL 5244735, at *4 (collecting cases).

As evidenced by the accompanying certification, Mr. Weider purchased $47,750 net shares of Helios common stock during the Class Period and held through the end of the Class Period.  Mr. Weider has suffered estimated losses of at least $208,371.98 as a result of Defendants' misconduct.

*See* Sarnelli Decl. at Ex. B.  (Mr. Weider's trades attached to his certification).[7]  Mr. Weider has

a significant financial interest in this case and is unaware of any other applicant or applicant group

that has sustained greater financial losses in connection with transactions in Helios securities

during the Class Period.[8]

> 2.   <u>Mr. Weider Meets the Standard of Fed. R. Civ. P. 23</u>

Mr. Weider also meets the PSLRA's requirement that the most adequate plaintiff "satisfies

the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4 (a)(3)(B)

(iii)(I)(cc).  Rule 23(a) sets forth the following prerequisites for bringing a class action:

> (1)   the class is so numerous that joinder of all members is impracticable;

---

[7]   Mr. Weider's losses of $208,371.98 were calculated by subtracting the average closing

price of Helios common between July 26, 2018 and September 28, 2018 of $0.25 per share from

Mr. Weider's total cost basis for the 47,750 shares he held as of the close of the Class Period

(which totaled $220,309,48).  Mr. Weider's cost basis for the shares he held as of the close of the

Class Period was calculated using the last-in first-out ("LIFO") basis.  *See* Sarnelli Decl. at Ex.

C.  Courts prefer LIFO in securities fraud cases because the FIFO method may exaggerate

losses.  *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 531 (S.D.N.Y. 2015); *In re

eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100–01 (S.D.N.Y.2005).

[8]   Mr. Weider's losses will likely increase, as 90 days has not yet passed since the close of

the Class Period in order to calculate the PSLRA damage limit based on the 90-day mean trading

price (*see* 15 U.S.C. §78u-4(e)) and it is likely that the stock will continue to be nearly worthless

for the foreseeable future.  Applying an assumed $0.01 per share price to the remainder of the 90-

day lookback period would yield losses for Mr. Weider of $213,910.98.

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff.  Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.  *See Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,* 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality under Rule 23(a)(3) is satisfied if the proposed lead plaintiff's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Blackmoss,* 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir.1992)).  To meet this burden, a plaintiff need not show that their claims are *identical* to absent class members' claims.  *Id.*  ("However, the claims of the class representative need not be identical to those of all members of the class."); *see also In re Orion Sec. Litig.,* No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) ("Indeed, the possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (internal citations omitted).

As for adequacy, under Rule 23(a)(4), a plaintiff is "adequate" if: (1) their counsel is qualified, experienced and generally able to conduct the proposed litigation; and (2) their interests are not antagonistic to those of the class.  *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.,* 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *see also In re Gen. Elec. Sec. Litig.,* No. 09 Civ. 1951(DC), 2009 WL 2259502, at *5 (S.D.N.Y. July 29, 2009) (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel.") (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)).

Here, Mr. Weider satisfies the typicality requirement of Rule 23 because, like all other putative Class members, he (1) transacted in Helios securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby.  Mr. Weider's claims, like those of all other members of the Class, arise out of the same course of events and are based on the same legal theories.  Accordingly, Mr. Weider's interests and claims are in all respects "typical" of the interests and claims of the Class.

Mr. Weider will also adequately represent the interests of the Class.  There is no conflict between his interests and those of the other members of the Class.  Mr. Weider has already taken significant steps demonstrating that he recognizes, and will protect, the interests of the class by executing his PSLRA certification detailing his Class Period transactions and expressing his willingness to serve as class representative, by moving to be appointed as Lead Plaintiff, and by retaining competent and experienced counsel.

### III.    MR. WEIDER'S SELECTION OF COUNSEL SHOULD BE APPROVED

The Court should approve Mr. Weider's selection of counsel, in accordance with the PSLRA.  The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiff's selection of counsel when necessary to "protect the interests of the class."  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); (II)(aa).

Here, Mr. Weider has selected Gardy & Notis as Lead Counsel.  As set forth in the accompanying firm resume (Sarnelli Decl. at Ex. C), Gardy & Notis attorneys have recovered millions of dollars for investors in the course of their careers.  Gardy & Notis's experience in prosecuting securities class actions ensures that this case will be effectively litigated and in the best interests of the Class.  Accordingly, the Court should approve Mr. Weider's selection of Gardy & Notis as Lead Counsel for the Class.

### CONCLUSION

For all the foregoing reasons, Mr. Weider respectfully requests that the Court: (1) consolidate the Actions; (2) appoint Mr. Weider as Lead Plaintiff in the Actions; (3) approve his selection of Gardy & Notis as Lead Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

Dated:  October 1, 2018

**GARDY & NOTIS, LLP**
By: /s/ Jennifer Sarnelli
James S. Notis
Jennifer Sarnelli
126 East 56th Street, 8th Floor
New York, NY 10022
Tel: 212-905-0509
Fax: 212-905-0508
jnotis@gardylaw.com
jsarnelli@gardylaw.com
*Counsel for Proposed*
*Lead Plaintiff David Weider*

12

## CERTIFICATE OF COMPLIANCE WITH
## INDIVIDUAL PRACTICES FOR MOTIONS

This Brief complies with the type-volume limitation of the Individual Practices of Judge John G. Koeltl, Rule 2(D) because it contains 3,368 words (not including the cover page, certification of compliance, table of contents, and table of authorities), which were counted by Microsoft Word Office 2010 and all text, including footnotes, is double spaced in legible font, and with reasonable margins.

Dated:  October 1, 2018

**GARDY & NOTIS, LLP**

By: /s/ Jennifer Sarnelli
James S. Notis
Jennifer Sarnelli
126 East 56th Street, 8th Floor
New York, NY 10022
Tel: 212-905-0509
Fax: 212-905-0508
jnotis@gardylaw.com
jsarnelli@gardylaw.com

*Counsel for Proposed*
*Lead Plaintiff David Weider*